Nott, J.
Before I go into" a consideration of the grounds-taken in the brief, I would observe, that this is an action, of trespass, quare clausumfreg.it, in which .the plaintiff must recover either upon his possession or his title. He has not even stated a .possession in his declaration, nor given any evidence of title. On the contrary, .it was proved that he had actually left the place,' and that the defendant was in peaceable possession, before the alleged trespass was committed. That came out from the plaintiffs own witness on his direct examination. The plaintiff did not pretend to set up any title. On the contrary, the- defendant shewed a good title in himself. It might perhaps have been irregular, according to the practice of our courts, to allow the defendants to give evidence of title under the general issue; but it was offered without objection-and is now before us, and we see that- the plaintiff had no right. The verdict ought therefore to have been for the defendant; and if the plaintiff was not entitled to a verdict on his own evidence, he cannot entitle himself to a new trial, on the ground that the damages are inadequate, even though illegal evidence was offered in mitigation.
But let us now examine -the testimony and see if the objection is-well founded?
It certainly was a case iirwhich charactrr ought not to have been allowed to be given in evidence. But it is often permitted to give facts and circumstances in evidence by-way of mitigation, which were the inducements to a transaction, even though they may happen to involve character. • Thus in'an action of assault and battery, though the defendant cannot give in evidence the bad character of the plaintiff, by way .of excuse, he may prove that lie has traduced his character, had insulted his- wife or daughter, or that he had found him within his enclosure, attempting to steal-his goods orto excite his negroes to insurrection;-or any other fact to shew the motive which induced the act. So in this case the evidence went to show that the title and possession of the land *70 were in the. defendant; that the plaintiff was a-perfect vaga** bond, having no fixed place of residence;, that he had-obtruw ded himselfinto the possession of this place, not for the purpose of cultivating the soil, but for the sole purpose of preying upon the neighborhood,, trading with their negroes and . engaging in every kind of licentiousness. . Indeed, he was . considered so great a nuisance, that it became necessary for the preservation, of the peace and protectiomof the morals off the neighborhood that he should be banished from, their society. The defendant, - therefore, with, .come-of the rest of his.. neighbors, availed himself of an opportunity, when the plain-till’had left-his "retreat, to enter and demolish the house, to-; prevent him from returning to it again.
And what injury has he sustained?
His person has not been violated, nor his property inva---ded. The defendant has pulled down his own house, rather than tlie neighbourhood should be infested with such a nub ■ sanee.
The testimony, therefore, was such as was well calcula-* ted *to give the jury a correct view of the transaction and to* enable them to form a just estimate of the merits of the case; and if it happened to involve the character of the plaintiff, it was his own fault and not the fault of the court or of the law.
With regard to the instructions of the court to the jury, I do not-know what judge could have-refrained from expressing himself to the. same effect. It was. nothing more than expressing his approbation of the virtuous indignation, mani-r Tested by an injured community, against the disturber of their peace and the corrupter of their morals. And although toen are not to be encouraged in taking the law into their own hands, either-to obtain satisfaction for a private injury, or to redress a public wrong, yet the law will excuse when h cannot justify, and mitigate when it cannot excuse, if the trans-, action has proceeded from a proper motive, and the injury, to the party complaining is not greater than he deserved..
*71 In the present case, I do not perceive that the plaintiff "lias sustained any real injury; and there was nothing in the 'transaction which entitled him to vindictive damages. Í •think, therefore, that he has received the full measure of the damages to which he was entitled.
The motion must be refused.
Clarke and While, for the motion.
Hunt, contra.